UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAYE E. SCHIRG, | ) | NO. SACV 15-350-KS |
|           Plaintiff, | ) | |
|    v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
|           Defendant. | ) ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiff filed a Complaint on March 3, 2015, seeking review of the denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. No 1.) On September 11, 2015, Defendant filed an Answer to the Complaint (Dkt. No. 18) and a Certified Administrative Record. (Dkt. No. 19). On August 17 and 18, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkts. No. 15, 16.)  On November 11, 2015, the parties field a Joint Stipulation ("Joint Stip.). (Dkt. No. 20.)  The Court has taken the matter under submission without oral argument.

1

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On February 1, 2013, Plaintiff filed applications for DIB and SSI, with both applications alleging disability beginning October 11, 2012. (Administrative Record ("AR") 20.) Her applications were denied on May 6, 2013 (AR 124-130) and on reconsideration on September 3, 2013 (AR 131-35). On October 22, 2013, Plaintiff filed a written request for a hearing before an administrative law judge ("ALJ"). (AR 137-38.) Plaintiff was represented by counsel and testified before ALJ Keith Dietterle at a hearing held on May 1, 2014. (AR 36-69.) Also testifying at the hearing were Plaintiff's daughter, Cassie Schirg (AR 56-63), and Vocational Expert ("VE") Kristan Cicero (AR 63-67). No other witnesses testified at the hearing. On June 27, 2014, the ALJ denied Plaintiff's claim, concluding Plaintiff was not disabled from October 11, 2012 through the date of the decision. (AR 29.)

## SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step sequential evaluation process outlined in 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since October 11, 2012, the alleged disability onset date. (AR 22.) The ALJ next found that Plaintiff had the following severe impairments: affective mood disorder and anxiety disorder. (*Id.*) The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix. (*Id.*) At the next sequential step, the ALJ found that Plaintiff had the residual function capacity ("RFC") "to perform a full range of work at all exertional levels, but with the following nonexertional limitations: simple routine tasks (1-2 steps); no public interaction; and no jobs involving teamwork." (AR 24.) At step five of the evaluation process, the ALJ determined that Plaintiff was unable to perform any past relevant work as a home health attendant or line appliance assembler. (AR 28.) However, the ALJ determined, after considering Plaintiff's age, education, work

experience and RFC, and relying on the testimony of the VE, that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as dryer attendant (DOT code 581.686-018), and cleaner (DOT code 919.687-014). (AR 29.) On that basis, the ALJ concluded that Plaintiff had not been under a disability from October 11, 20012 though the date of the ALJ decision on June 27, 2014. (AR 29-30.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISCUSSION

### A. Disputed Issue

Plaintiff raises a single issue in her Complaint: "[w]hether the ALJ properly assessed probative medical source opinions." (Joint Stip. at 4.) Specifically, Plaintiff contends that the ALJ's denial is not supported by substantial evidence because the ALJ failed to consider the opinion of Dr. Leon D. Hughes, M.D., who acted as a State Agency physician in Plaintiff's case and found Plaintiff capable of performing only light work. (*Id.* at 6.) Further, Plaintiff points out that Plaintiff was "just one month shy of turning at 55" at the time of the hearing and the ALJ failed to properly consider her "borderline age situation" under Agency regulations, 20 C.F.R. §§ 404.1563(b); 416.963(b). (*Id.* at 7.) Plaintiff seeks an order reversing the ALJ's final decision and an immediate award of benefits or, alternatively, remand for further administrative proceedings. (*Id.* at 13.)

Defendant concedes that "[t]he ALJ erred in giving great weight to the state agency medical consultant's opinion that Plaintiff was limited to light work." (Joint Stip. at 9.) Yet, Defendant argues the error was harmless because the objective medical evidence in the record "shows Plaintiff has no physical limitations." (*Id.* (citing AR 289-95)) Defendant requests that the ALJ decision be affirmed, or alternatively, that the matter be remanded for further proceedings. (Joint Stip. at 14.)

**B. The ALJ's Error in Considering the Medical Opinion of Dr. Hughes was not Harmless**

Dr. Leon D. Hughes, M.D. served as the State agency medical consultant in this case. (AR 78-81.) In April 2013, Dr. Hughes concluded that Plaintiff was capable of performing "light" work as her maximum sustained work capability. (AR 80-81.) The ALJ gave Dr. Hughes's determinations "substantial weight" (AR 26), but concluded that Plaintiff has no exertional limitations. (AR 24.) This finding is inconsistent with Dr. Hughes's determination that Plaintiff could only perform light work. (*See* AR 79 (answering "Yes" to "Does the individual have exertional limitations."), 90 (same).) Although the ALJ considered the opinions of Dr. Hughes and assigned substantial weight to his opinions, the ALJ did not provide any explanation for rejecting Hughes's specific findings of exertional limitations. Instead, the ALJ appears to have skipped over Dr. Hughes's April 2013 findings entirely, indicating that he only considered the determinations of the state medical consultants in "May 2013 and August 2013." (AR 26.) As noted above, Defendant concedes that the ALJ erred in considering Dr. Hughes's opinions, but argues that the error is harmless. (Joint Stip. at 9.) The Court disagrees.

When determining whether an individual is disabled, the Social Security Administration must consider *all* the medical opinions in the claimant's case file. 20 C.F.R §§ 404.1527(b), 404.1527(d); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.") While the ALJ is not obligated to discuss all the evidence presented to him, an ALJ must "explain why 'significant probative evidence has been rejected.'" *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (citing *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). When there is conflicting medical evidence in the record, "the ALJ must provide 'specific and legitimate' reasons for rejecting the opinion of a treating or examining medical source." *See Murray v. Heckler*, 722 F.2d 499, 501-02 (9th Cir. 1983). No such reasons are

provided here. At the hearing, Plaintiff's attorney pointed out the light residual functional capacity finding by the State Agency physician. (AR 68.) Indeed, the ALJ's decision is entirely silent as to why he rejected Dr. Hughes's determination that Plaintiff is limited to light work.

Contrary to Defendant's contentions, this error is not harmless. It resulted in an RFC determination by the ALJ that incorporates an exertional level, *i.e.* no exertional limitations, that is inconsistent with evidence in the record and lacks any explanation from the ALJ. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing that the ALJ is responsible for resolving conflicts in medical testimony). Further, it cannot be reconciled with the ALJ's nondisability determination. Specifically, in finding that Plaintiff was not under a disability, the ALJ relied on the VE's testimony that a person with Plaintiff's RFC, which included no exertional limitations, could perform the jobs of dryer attendant (DOT 581.686-018) and cleaner II (DOT 919.687-014), but both jobs require *medium* exertional levels. (AR 64-65.) Accordingly, in the absence of an explanation for the ALJ's decision to discount Dr. Hughes' opinion regarding Plaintiff's exertional limitations, the VE's testimony has no evidentiary value, *see Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1166 (9th Cir. 2008) ("because the ALJ erred in excluding some of [the claimant's] limitations from the RFC assessment . . . and thus from the VE hypothetical, the VE's testimony 'has no evidentiary value.'") (citation omitted), and the ALJ's nondisability determination is not supported by substantial evidence. As a result, the ALJ's error was not "'inconsequential to the ultimate nondisability determination,'" and further proceedings are warranted. *See Brown-Hunter*, 806 F.3d at 492 (internal citations omitted).

**C. ALJ Failed to Address Plaintiff's "Borderline Age Situation"**

Plaintiff was born on June 29, 1959. (AR 72.) On the alleged disability onset date, Plaintiff was 53 years old, which under Agency regulations placed her in the category of

6

individuals "closely approaching advanced age." (AR 29; *see also* 20 C.F.R §§ 404.1563, 416.963.) At the time of the hearing, Plaintiff was just one month shy of her 55th birthday. (AR 68.) At age 55, an individual is classified as a "person of advanced age. 20 C.F.R. §§ 404.1563, 416.963. Plaintiff argues that the ALJ erred by failing to "consider" whether to use the higher age category in his disability assessment. (Joint Stip. at 7.) The Court agrees.

At age 55 an individual with Plaintiff's limitations is deemed presumptively disabled. 20 C.F.R. part 404, subpart P, Appendix 2, Rule 202.06; Social Security Ruling ("SSR") 83-5a. The Ninth Circuit has held that the relevant date for determining a plaintiff's age category is the date of the ALJ's decision. *See Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988) (using date of ALJ's hearing decision, which is Commissioner's final decision, to determine if a social security disability case presented a borderline age situation). However, agency guidelines provide that a borderline situation "exists when there would be a shift in results caused by 'the passage of a few days or months,'" SSR 82-46C (internal citation omitted); *see also Jenkins v. Astrue,* 628 F. Supp. 2d 1140, 1143 (C.D. Cal. 2009) (pointing out that in a March 2008 final decision of the Commissioner, the Appeals Council concluded that a borderline situation existed where the claimant was within six months of reaching age 55 on the date his insured status expired). Here, the date of the ALJ's hearing decision was June 27, 2014, just two days before Plaintiff's 55th birthday on June 29. (AR 30.)

Agency regulations expressly provide that in such "borderline" age situations, "we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. §§ 404.1563(b); 416.963(b). The Ninth Circuit has confirmed that the ALJ must at least *consider* the older age category, rather than simply mechanically applying bright-line age categories. *See Lockwood v. Comm'r Soc. Sec. Admin*, 616 F.3d 1068, 1073 (9th Cir. 2010) (ALJ must consider the older age category, but has no obligation to make express findings in his opinion).

7

Although there is no published decision of the Ninth Circuit directly on point, in *Schiel v. Comm'r of Social Sec.*, 267 Fed. Appx. 660 (9th Cir. Feb. 21, 2008), the Ninth Circuit held:

> The hearing transcripts and ALJ decision do not reflect consideration of [the claimant's] borderline age status. . . . Moreover, the discussion section of the ALJ's decision makes no mention of 20 C.F.R. § 404.1563(b) or the claimant's one-month proximity to "person of advanced age" status under 20 C.F.R. § 404.1563(e). For these reasons, the record does not provide sufficient basis for review.

*Id.* at 661. Courts in this district have followed the reasoning in *Schiel* to hold similarly. *See, e.g., Aguilar v. Astrue*, No. 09-6015 AJW, 2010 WL 1999560, *4 (C.D. Cal. May 11, 2010) (remanding for further administrative proceedings where "nothing in the ALJ's decision (or elsewhere in the record) indicates that the ALJ recognized the possibility that a borderline age situation existed and exercised his discretion to reject that possibility or to decline to apply the higher age category"); *Williams v. Colvin*, CV 12-3974 FFM, 2013 WL 2147856, *2 (C.D. Cal. May 16, 2013) (noting that "the Court examines the ALJ's decision to see if it clearly demonstrates that he considered the [borderline age] issue" and finds remand required where "there is simply no indication in the decision that the ALJ was aware that a borderline situation existed."); *see also Campbell v. Astrue,* No. 1:09-CV-00733 OWW GS, 2010 WL 2598383, *14 (E.D. Cal. June 25, 2010) (remand warranted where court found "there is no indication in the record that the ALJ considered Plaintiff's borderline age status.").[1] Here, too, there is no indication that the ALJ was aware that a borderline age situation existed or considered the older age category for Plaintiff.

---

[1] In *Aguilar,* the court noted that other circuits and districts have reached "inconsistent results" when considering whether the ALJ"s failure to address the borderline age issue may warrant reversal. *Aguilar v. Astrue*, No. 09-6015 AJW, 2010 WL 1999560, * 4 (C.D. Cal. May 11, 2010). Nonetheless, this Court, like *Aguilar,* is persuaded by the reasoning of *Schiel. See id.* at *5.

In light of this error and the error discussed above with respect to the ALJ's assessment of Plaintiff's RFC, the ALJ failed to fully develop the record and crucial questions remain. Accordingly, an award of benefits is not appropriate at this time, and the matter must be remanded for further proceedings. *See Brown-Hunter*, 806 F.3d at 495 (a remand for an immediate award of benefits is appropriate only in "rare circumstances" when, *inter alia*, "the record has been fully developed and further administrative proceedings would serve no useful purpose" and, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled") (citations omitted).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is not supported by substantial evidence and does not reflect an application of the proper legal standards. Accordingly, the Commissioner's decision is reversed, and this case is remanded for further administrative proceedings consistent with this memorandum and order.

DATED: March 1, 2016

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE